UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Action No
Friedrich Lu, Plaintiff
v
James R Clarke, Mary Regan, Maura A Hennigan
Robert L Sheketoff, James L Sultan and Charles W Rankin, Defendants

## COMPLAINT

(1)　The court has subject matter jurisdiction over this matter under 28 USC § 1331.

(2)　prequel:

(a)　A former agent of Internal Revenue Service, on Dec 19, 2019 James R Clarke was convicted with aggravated rape in *Commonwealth v Clarke*, Suffolk Superior Court No 1884-cr-174. Before the sentencing on Jan 7, 2020, Clarke's attorney Robert L Sheketoff moved Mitchell H Kaplan, J, for a term of less than ten (10) years with the conniving of assistant district attorney (ADA); and the court did sentence Clarke seven to eight years in state prison.

(b)　On Jan 9 following, Friedrich Lu hand delivered a letter to all concerned (judge via clerk's office, Clarke via Sheketoff, ADA and District Attorney Rachael Rollins) urging resentencing as sentence was illegal per se under well settled state law (a prison term of ten years minimum means literally). After deliberation for an hour, clerk's office rejected the letter, (ostensibly) much less transmitting it to the judge -- despite Sheketoff's assertion in the sentencing hearing two days earlier that hundreds wrote in through clerk's office to support Clarke (as partial basis for leniency). Lu went to a post office to mail it same afternoon (to judge's lobby at 3 Pemberton Square. Boston, where chief judge of superior court is also based).

(3)　Fearing the court to bury the matter, on Jan 22, 2020 under state case law and Mass Rule App Proc 17 Lu filed, with service on parties, *Motion for Leave to File Amicus Brief Urging Resentencing* with memorandum of law, stateing that not only the 7-to-8-year sentence was

illegal, but that the court could and should sentence Clarke with 25 years minimum for armed kidnapping with sexual assault in violation of Gen Laws chap 265, § 26, though Commonwealth had not charged Clarke with, nor was he convicted of, a separate offensse of kidnaping.

(3) Clerk's office did not even docket the motion. On Feb 3, 2020 under *id*, chap 211, § 3 Lu petitioned Supreme Judicial Court for Suffolk County (to wit, single justice session) in part to order Judge Kaplan to docket the motion (but not its disposal -- allowance or denial). *Lu v Town of Brookline*, No SJ-2020-51. Months later, Kimberly S Budd, J, of that court disposed of the petition without addressing this part. And Kaplan, J, did not resentence. Nor did defense counsel resign: Sheketoff and a pair of defense counsel, who quickly joined the trial court case post-sentencing (James L Sultan and Charles W Rankin, listed as co-counsel alongside Sheketoff and who also came to know of the scheme).

(4) To docket Lu's motion -- but not the proposed amicus brief -- is a ministerial act commanded by state law of Mary Regan (courtroom clerk of Judge Kaplan in the pertinent period) and Maura A Hennigan, respectively assistant clerk and clerk for Criminal Business at Suffolk Superior Court. The duo are sued in individual capacity.

(5) All defendants conspired with, aided and abetted the judge in preserving illegal sentence.

(6) All defendants domicile in eastern division of this district, despite Clarke's recent transfer to North Central Correctional Institution. See *Hall v Curran* (2010) 599 F.3d 70 (*per curiam*).

(7) Count One: 42 USC § 1983. All defendants, under color of state law, ordinance, regulation, custom or usage, deprived Lu of rights secured under Fourteenth Amendment: in play is Due Process (nondocketing of motion) and Equal Protection Clauses (rejection of letter).

(8) Lu demands jury trial on damage and court cost.

Plaintiff: Friedrich Lu, pro se    Date: November 6, 2020    Email: chi2flu@gmail.com
Address: ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112