FILED
IN CLERKS OFFICE 20-12010 IT

DEC -8 PM 4: 52

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Action No
Friedrich Lu, Plaintiff
v
James R Clarke, Mary Regan, Maura A Hennigan, Robert L Sheketoff, James L Sultan, Charles W Rankin, Matthew Divris, Thomas A Turco, III, Carol A Mici, and Joseph Stanton, Defendants

## FIRST AMENDED COMPLAINT

(1)     The court has subject matter jurisdiction over this matter under 28 USC § 1331.

(2)     prequel: A former agent of Internal Revenue Service, on Dec 19, 2019 James R Clarke was convicted with aggravated rape in *Commonwealth* v *Clarke*, Suffolk Superior Court No 1884-cr-174. Before the sentencing on Jan 7, 2020, Clarke's attorney Robert L Sheketoff moved Mitchell H Kaplan, J, for a term of less than ten (10) years with the conniving of assistant district attorney (ADA); and the court did sentence Clarke seven to eight years in state prison.

(3)
(a)     On Jan 9 following, Friedrich Lu hand delivered a letter to all concerned (judge via Clerk's Office for Criminal Business at Suffolk Superior Court, Clarke via Sheketoff, ADA and District Attorney Rachael Rollins) urging resentencing as sentence was illegal per se under well settled state law (a prison term of ten years minimum means literally). After deliberation for an hour, clerk's office rejected the letter, (ostensibly) much less transmitting it to the judge -- despite Sheketoff's assertion in the sentencing hearing two days earlier that hundreds wrote in through clerk's office to support Clarke (as partial basis for leniency). Lu went to a post office to mail it same afternoon (to judge's lobby at 3 Pemberton Square. Boston, where chief judge of superior court is also based).

(b)     Fearing the court to bury the matter, on Jan 22, 2020 under state case law and Mass Rule App Proc 17 Lu filed, with service on parties, *Motion for Leave to File Amicus Brief Urging Resentencing* with memorandum of law, stateing that not only the 7-to-8-year sentence was

illegal, but that the court could and should sentence Clarke with 25 years minimum for armed kidnapping with sexual assault in violation of Gen Laws chap 265, § 26, though Commonwealth had not charged Clarke with, nor was he convicted of, a separate offensse of kidnaping.

(c)     Clerk's office did not docket the motion. Mary Regan (courtroom clerk of Judge Kaplan in the pertinent period) and Maura A Hennigan, respectively assistant clerk and clerk of said office, are sued in individual capacity.

(d)     On Feb 3, 2020 under *id*, chap 211, § 3 Lu petitioned Supreme Judicial Court for Suffolk County (to wit, single justice session) in part to order Judge Kaplan to docket the motion (but not its disposal -- allowance or denial). *Lu* v *Town of Brookline*, No SJ-2020-51. Months later, Kimberly S Budd, J, of that court disposed of the petition without addressing this part. And Kaplan, J, did not resentence. Nor did defense counsel resign: Sheketoff and a pair of defense counsel, who quickly joined the trial court case post-sentencing (James L Sultan and Charles W Rankin, listed as co-counsel alongside Sheketoff and who also came to know of the scheme).

(4)     In October 2020 Clarke was transferred to North Central Correctional Institution (NCCI) at Gardner, Mass. Lu commenced the instant action on Nov 6, 2020. Notwithstanding Mass Gen Laws chap 127, § 6, NCCI Superintendent Matthew Divris refuses to serve process on Clarke, carrying out a policy to ignore said statute set by Thomas A Turco, III, Secretary of Executive Office of Public Safety and Security (EOPSS) and Carol A Mici,  Commissioner of Department of Correction, both of Massachusetts. Divris, Turco and Mici are sued in their official capacity.

(5)     On Nov 18, 2020 Lu electronically filed *Motion to File Amicus Brief for Partial Remand to Conduct Evidentiary Hearing* (with exhibits but lacking memorandum of law), in *Commonwealth* v *Clarke*, Mass Appeals Court No 2020-P-746. Joseph Stanton, clerk of that

court, removed the motion from the docket without explanation to date. Stanton is sued in both official and individual capacities.

(6)     To docket Lu's amicus motions -- but not the proposed amicus brief (absent in Lu's Appeals Court's filing) -- is a ministerial act commanded by state law of Regan, Hennigan and Stanton. All defendants (except Divris, Turco and Mici) conspired with, aided and abetted the judge in preserving illegal sentence.

(7)     Divris likely lived in Central Division of this district, whereas it is unclear where Mici resides. Clarke still maintains domicile in Eastern Division. See *Hall* v *Curran* (2010) 599 F.3d 70 (*per curiam*). With the rest domiciling in the latter, Eastern Division retains the case. See US Dist Ct (D.Mass.) Local Rule 40.1(d)(1)(B) (heading: Assignment of Civil Cases).

(8)     On information and belief, the same person or group of person are masterminds behind the overarching scheme to corrupt courts (state and federal) in Massachusetts.

(9)     Count One: 42 USC § 1983. Divris, Turco and Mici, under color of state law, ordinance, regulation, custom or usage, deprived Lu of rights secured under Due Process Clause of Fourteenth Amendment to federal constitution.

(10)     Count Two: 42 USC § 1983. The rest of defendants, under color of state law, ordinance, regulation, custom or usage, deprived Lu of rights secured under Fourteenth Amendment: in play is Due Process and Equal Protection Clauses (nondocketing of motion), plus Equal Protection Clause (rejection of letter by Regan and Hennigan).

(11)     Lu demands jury trial on damage and court cost, as well as injunctive relief (Diviris to serve process on Clarke) and (Stanton to dcocket Lu's amicus motion).

Plaintiff:     Friedrich Lu, pro se
Date:          December 8, 2020
Email:         chi2flu@gmail.com
Address:       ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112