FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT  2020 DEC PM 5: 09
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Friedrich Lu, Plaintiff | ) | Civil Action No 20-12010-IT |
| v | ) | |
| James R Clarke, et al, Defendants | ) | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THREE CLERKS

(1)  Fed Rule Civ Proc (Rule) 56(b) provides that "a party may file a motion for summary judgment at any time," provided that "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a).

(2)  Plaintiff Friedrich Lu moves for summary judgment against Mary Regan and Maura A Hennigan, assistant clerk and clerk, respectively, for criminal business of Suffolk superior court, plus Joseph Stanton, clerk of Massachusetts Appeals Court. Argument follows.

(3)  *Costello v Board of Appeals of Lexington* (2007) 450 Mass 1004, 1004 (rescript) (Land Court "clerk should have accepted and docketed the complaint for contempt. The clerk acts as a ministerial officer of the courts") (internal quotation marks omitted); *Narine v Powers* (1987) 400 Mass 343, 346 ("common law distinction between (a) ministerial acts, for which a public officer could be liable, and (b) nonministerial or discretionary acts"). A word about the latter citation: the three clerks are sued here for violating Lu's civil rights under 42 USC § 1983 -- not based on Massachusetts common law.

(4)  Authorities on a nonparty's standing to file amicus motions (as well as briefs):

(a)  Mass Rule App Proc 17(a) explicitly allow the filing of an amicus motion: "The brief [of an amicus curiae] may be conditionally filed with the motion for leave." In other words, the brief (consisting of memorandum of law) is conditional but the motion for leave needs to be docketed. Without a trace in the docket will breed corruption (as here), nor can Supreme Judicial Court (SJC) of its own accord transfer the appeal to its own docket after reviewing filings.

(b) While Mass Rules Crim Proc do not -- indeed no rules of any department in Massachusetts trial court do -- mention amicus brief, state common law has permitted the practice. *Massachusetts Federation of Teachers* v *School Committee of Chelsea* (1991) 409 Mass 203, 210, n 6 ("The parents are entitled to be present at the trial, which is a public proceeding. They also may ask the judge if they may file briefs or memoranda as amici curiae"); *Goodridge* v *Department of Public Health* (2003) 440 Mass 309, 315 ("On April 11, 2001, the plaintiffs filed suit in the Superior Court against the department and [its] commissioner seeking a [declaratory] judgment" that exclusion of same-sex marriage violated state law), 394 ("Massachusetts Psychiatric Society, the American Psychoanalytic Association, and many other psychiatric, psychological, and social science organizations have joined in an amicus brief on behalf of the plaintiffs' cause" in both Suffolk superior court (No 0184CV1647) and SJC).

(c) The first reported amicus brief submitted in an England court nodded to an amicus's alerting the court about parties' collusion: *Coxe* v *Phillips* (KB 1736) Lee temp Hard 237, 95 Eng Rep 152

http://www.commonlii.org/uk/cases/EngR/1815/96.pdf
, exactly what Lu did in both superior court and Appeals Court that the three clerks suppressed.

(d) Lu presented all of the above citations to the three clerks as part of submitted amicus motions, who, alas, had a tin ear.

Plaintiff: Friedrich Lu, pro se
Date: December 11, 2020
Email: chi2flu@gmail.com
Address: ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112
Under penalty of perjury, Lu certifies that he serves a copy of this document electronically on the same day on office of Massachusetts attorney general.