UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____

NO. 20-cv-12010-IT

_____

FRIEDRICH LU,
Plaintiff

v.

JAMES R. CLARKE, ET AL.,
Defendants

_____

**MEMORANDUM OF LAW AND EXHIBITS IN SUPPORT OF MOTION
OF DEFENDANTS CHARLES W. RANKIN AND JAMES L. SULTAN
TO DISMISS ALL CLAIMS AGAINST THEM WITH PREJUDICE**

**INTRODUCTION**

Plaintiff Friedrich Lu ["Lu"] has filed a *pro se* suit against six Massachusetts public

officials and four individuals arising out of his dissatisfaction with the sentence imposed by an

Associate Justice of the Massachusetts Superior Court in a case captioned *Commonwealth v.*

*James Clarke* and the alleged frustration of his subsequent efforts to register that dissatisfaction

through the state court system.  The sole factual allegations against defendants Charles W.

Rankin and James L. Sultan [hereinafter "Rankin & Sultan"] set forth in Lu's  First Amended

Complaint are that they entered an appearance on behalf of Mr. Clarke "post-sentencing," and

that they "came to know" of an alleged "scheme."[1]  Based on these allegations, Lu asserts a

claim against Rankin & Sultan (among others) under 42 U.S.C. §1983, for depriving him of due

_____

[1] Lu also alleges: "On information and belief, the same person or group of person [sic]
are masterminds behind the overarching scheme to corrupt courts (state and federal) in
Massachusetts."  *Id*., ¶ 8.  It is not clear whether Lu is including Rankin & Sultan in that group.

process and equal protection based upon the non-docketing of a motion he sought to file urging resentencing and of equal protection based on the superior court's refusal to accept a letter he wrote to the sentencing judge.

On its face, Lu's claim against Rankin & Sultan is utterly frivolous and lacks facial plausibility.  There is absolutely nothing Rankin & Sultan are alleged to have done which would make out a claim under §1983 or any other cause of action.  Accordingly, under the applicable legal standard, that claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Lu's claim against Rankin & Sultan should also be dismissed pursuant to Fed. R. Civ. P. 41(b) for his willful failure to comply with a prior order of this Court.  Since 1995, Lu has filed more than twenty cases in the United States District Court for the District of Massachusetts.  In 2002, Judge Wolf entered an order dismissing one of those cases and requiring Lu to attach said order to any complaint or pleading he subsequently filed, along with a statement certifying compliance with that directive.  Lu has repeatedly failed to comply with that 2002 order in other cases, as he failed to comply with it in this one.  Accordingly, as in a number of other cases filed by Lu which have been dismissed under Rule 41(b), his claim against Rankin & Sultan should be dismissed on that basis, as well.

I.      STATEMENT OF RELEVANT FACTS.

        A.      The Allegations of Lu's Complaint Respecting Rankin & Sultan.

Lu's First Amended Complaint is only three pages long, so it need not be summarized. The substance of Lu's claim is that a criminal defendant named James Clarke received an unreasonably lenient sentence in Suffolk Superior Court, and that he was frustrated and

obstructed in his efforts to complain to that court about Clarke's sentence by letter and by motion. Lu does not allege that he has any particular connection to Clarke, Clarke's alleged victim, or Clarke's sentence.  Lu claims that the defendants he names, including various court officials, Clarke's past and present counsel, and Clarke himself, are part of a conspiracy to violate his constitutional rights.

Lu acknowledges in his Complaint (at ¶ 3(d)) that Rankin & Sultan entered the case on Clarke's behalf "post-sentencing."  In other words, **Rankin & Sultan were not even involved in Clarke's case when he was sentenced on January 9, 2020.**  Taking as true, as the Court must, all factual allegations of the Complaint and all reasonable inferences therefrom, Lu fails to set forth any act or omission by Rankin & Sultan pre-sentencing or any factual allegation regarding anything that Rankin & Sultan did or failed to do after entering the case post-sentencing.  Rather, the sole allegation is that Rankin & Sultan entered their appearance and "came to know of the scheme."  *Id.*

### B.    The 2002 Order by Judge Wolf.

On March 29, 2002, Judge Wolf entered a 17-page Memorandum and Order in a prior case filed by Lu captioned *Friedrich Lu v.  Harvard School of Dental Medicine et al.*, Civil Action No. 00-11492-MLW.  After dismissing Lu's complaint with prejudice, the Court entered the following  order:

> Lu shall attach to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts: (1) a copy of this Order, and (2) a certification, signed under the pains and penalties of perjury, that he has complied in good faith with this Order.

*Memorandum and Order* (attached hereto as Exhibit 1) at 17.  Lu has not complied with either of

these directives in the instant case.

## II.      SUMMARY OF RELEVANT LAW.

### A.      Failure to State a Claim on which Relief Can be Granted.

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss any claim against it on the grounds that it fails to state a claim on which relief can be granted.  In order to survive such a challenge, the plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption, . . .  that all the allegations in the complaint are true. . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). More than "mere labels and conclusions" are required.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 8 (1st Cir. 2011). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief."  *Sepulveda-Villarini v. Department of Education of Puerto Rico*, 628 F.3d 25, 29 (1st Cir. 2010) (Souter, J.).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief'."  *Ocasio-Hernandez*, 640 F.3d at 12, *quoting Twombly*, 550 U.S. at 557.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court endorsed a two-pronged approach for adjudicating a motion to dismiss under Rule 12 (b) (6). First, the court adjudicating such a motion should separate the factual allegations from mere legal conclusions.  Then the court should presume that the remaining factual allegations are true and determine whether they state a facially plausible legal claim.  *Id.* at 676-81.  *See also Ocasio-Hernandez*, 640 F.3d at 10-11.  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at

11. "To avoid dismissal, a Complaint must set forth factual allegations, either direct or

inferential, respecting each material element necessary to sustain recovery under some actionable

legal theory.*" Lu v. Canton Corp*., No. 15-cv-10088-ADB, 2015 WL 13697141 at *4 (D. Mass.

May 13, 2015)(Burroughs, J.)(citations omitted) (dismissing unrelated case brought by Lu).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678.

> **B.    Absolute Litigation Privilege.**

It is well-settled that  conduct or statements by an attorney in the course of litigation are

absolutely privileged and cannot create civil  liability.  *See, e.g., Correllas v. Viveiros*, 410 Mass.

314, 319 (1991); *Seelig v. Harvard Cooperative Society,* 355 Mass. 532, 538 (1969).  *See also*

*Kimmel & Silverman, P.C. v. Porro, et al.,* 53 F.Supp.3d  325, 342-43 (D. Mass. 2014) (O'Toole,

J.)(recognizing and construing absolute litigation privilege).

> **C.    Dismissal for Failure to Comply with Court Order.**

Rule 41(b), Fed. R. Civ. P., provides that if a plaintiff fails to comply with a court order, a

defendant may move to dismiss any claim against it.  The Court of Appeals for the First Circuit

has upheld the authority of a District Judge to require a serial *pro se* litigant to adhere to

specified procedures when filing future litigation and to dismiss that litigant's complaint when

those procedures are not followed.  *See Hualde-Redin v. Royal Bank of Puerto Rico*, No. 96-

1264, 1997 WL 157756  (1ˢᵗ Cir. Mar. 19, 1997)(*per curiam*)(*unpublished*).  *See also* Judgment

in *Lu v. City of Boston*, Nos. 19-1758 (1ˢᵗ Cir. July 24, 2020) (affirming dismissal of unrelated

case filed by Lu under Rule 41(b))(attached hereto as Exhibit 2).

III.     **APPLICATION OF LAW TO FACTS.**

    A.     **Lu's Complaint Fails to State a Claim Against Rankin & Sultan on which Relief Can be Granted.**

Lu's claim against Rankin & Sultan falls far short of what is required to survive a motion to dismiss under Rule 12(b)(6).  The only actual fact alleged which pertains to Rankin & Sultan is that they entered the underlying state criminal case on Clarke's behalf "post-sentencing." Clearly, Rankin & Sultan had nothing to do with Clarke's sentence since they were not even alleged to be involved in his case at the time he was sentenced.  There is no allegation that Rankin & Sultan had anything to do with the alleged rejection of Lu's motion and letter by court personnel, either.  Under *Iqbal*, plaintiff has failed to allege a plausible legal theory against Rankin & Sultan.  In any event, entering an appearance in a court on behalf of a client is core conduct absolutely protected by the litigation privilege.  These lawyers are obviously not subject to civil liability for doing so.

Lu's Complaint also alleges: "On information and belief, the same person or group of person [sic] are masterminds behind the overarching scheme to corrupt courts (state and federal) in Massachusetts."  First Amended Complaint, ¶ (8).  Elsewhere, the Complaint alleges that Rankin & Sultan "came to know of the scheme."  *Id.*, ¶ (3)(d).  These are the kinds of conclusory allegations which are to be disregarded in adjudicating a motion to dismiss under Rule 12(b)(6). *See, e.g., Iqbal*, 556 U.S. at 680-81 (Allegations that defendants "knew of, condoned, and willfully and maliciously agreed" to violate plaintiff's constitutional rights, that one defendant was the "principal architect" of that policy, and that another defendant was "instrumental" in adopting and executing it deemed conclusory, rather than factual, in nature.).

In sum, Lu's complaint does not state a plausible claim for relief against Rankin & Sultan for violating his rights under 42 U.S.C. § 1983 or any other cognizable cause of action. Its threadbare and conclusory allegations do not pass muster under the applicable legal standard. The only actual conduct alleged (the filing of an appearance on behalf of a client) was absolutely protected under the litigation privilege. There was clearly nothing improper (even allegedly) in doing so, and it is hard to imagine how the filing of such an appearance could have violated Lu's constitutional rights or otherwise injured him in any way. Indeed, there is absolutely no showing or allegation that Lu even has standing to complain about a judicial decision (Clarke's sentencing) about which Lu appears to be a total stranger. For all of these reasons, his claims against Rankin & Sultan are utterly baseless and should be dismissed forthwith with prejudice.

**B.      Lu's Claims Against Rankin & Sultan Should be Dismissed under Rule 41(b).**

A separate reason for dismissing Lu's claims against Rankin & Sultan is his willful failure to comply with the order entered by Judge Wolf in 2002. That order required Lu to attach said order to any subsequent complaint he filed in this Court, along with a certification of compliance. He did neither. Lu's repeated refusal to abide by Judge Wolf's order has resulted in the dismissal of several of his other recent complaints in this Court. *E.g. Lu v. Greene, et al.,* No. 20-cv-10421-WGY, docket entry 15 (July 22, 2020)*; Lu v. Capitol Waste Services, Inc.,* No. 19-cv-11458-FDS, 2019 WL 8756875, docket entry 42 (Sept. 19, 2019), *aff'd. sub nom Lu v. City of Boston*, No. 19-1758, Judgment (1ˢᵗ Cir. July 24, 2020) (*See* Exhibit 2 attached hereto); *Lu v. Stanton, et al.*, No. 20-cv-10366-JGD, docket entry 25 (D. Mass. July 30, 2020) (attached hereto as Exhibit 3). Despite these and other dismissals, Lu clearly has not learned his lesson.

Such willful flouting of the Court's authority should not be countenanced.  Accordingly, Lu's claims against Rankin & Sultan should be dismissed with prejudice for this reason, as well.

## CONCLUSION

For the foregoing reasons, the motion of defendants Charles W. Rankin & James L. Sultan to dismiss all claims against them with prejudice should be allowed.

Respectfully submitted,

Charles W. Rankin and James L. Sultan

/s/ Charles W. Rankin

_____
James L. Sultan, BBO #488400
jsultan@rankin-sultan.com
Charles W. Rankin, BBO #411780
crankin@rankin-sultan.com
Rankin & Sultan
1666 Massachusetts Avenue, Suite P-16
Lexington, MA 02420
(617) 720-0011

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 30, 2020. Specifically, a copy has been mailed to the plaintiff Friedrich Lu, c/o St. Francis House, P.O. Box 499, Lafayette Station, Boston, MA 02112, and sent via email to chi2flu@gmail.com.

/s/ Charles W. Rankin

_____
Charles W. Rankin

-8-