UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FRIEDRICH LU | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| JAMES R. CLARKE, MARY REGAN, | ) | C.A. 20-12010-IT |
| MAURA A. HENNIGAN, ROBERT L. | ) | |
| SHEKETOFF, JAMES L. SULTAN, | ) | |
| CHARLES W. RANKIN, MATTHEW | ) | |
| DIVRIS, THOMAS A. TURCO, III, | ) | |
| CAROL A. MICI, AND JOSEPH | ) | |
| STANTON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT MAURA HENNIGAN, MARY REGAN, AND JOSEPH STANTON'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 41(b) & 12(b), and applicable immunities, Defendants Maura Hennigan and Mary Regan, in their individual capacities as clerks for the Suffolk County Superior Criminal Court, and Defendant Joseph Stanton, in his official and individual capacities as the clerk of the Massachusetts Appeals Court (collectively "Defendants"), respectfully move to dismiss *pro se* Plaintiff Friedrich Lu's First Amended Complaint ("Amended Complaint").

Plaintiff's case arises out of his apparent dissatisfaction with the sentencing in a Massachusetts Superior Court criminal matter, in which Plaintiff was not a party, nor a victim, and the alleged handling of Plaintiff's attempts to lodge said frustration. Plaintiff brings an action against Defendants and others under 42 U.S.C. § 1983, alleging that the

clerks failed to docket certain materials and removed materials from the docket provided by Plaintiff. (Dkt. Nos. 1 &5). Plaintiff's claims against Defendants should be dismissed because Plaintiff has failed to comply with a 2002 Court Order which requires Plaintiff to take certain actions when filing a lawsuit in this Court, Defendants are entitled to absolute immunity, the Amended Complaint fails to state a claim under Section 1983, and Plaintiff has failed to properly serve Defendants.

## STATEMENT OF FACTS[1]

Plaintiff Friedrich Lu is a frequent litigant in the United States District Court of Massachusetts and the Superior Court in the Commonwealth of Massachusetts. He has filed well-over twenty lawsuits in State and Federal courts, nearly all of which have been dismissed.[2] On November 6, 2020, Plaintiff filed a Complaint in this Court against Defendants Hennigan and Regan, clerks in the Suffolk County Superior Criminal Court, and other individuals, alleging that in January of 2020, the Suffolk Superior Criminal Court's Office rejected a letter urging resentencing in a case in which Plaintiff was not a party and failed to docket his motion to file an amicus brief in the matter. (Dkts. No. 1 & 5). On December 8, 2020, Plaintiff filed an Amended Complaint, adding, among others, Defendant Joseph Stanton, the clerk of the Massachusetts Appeals Court, alleging that in November of 2020, Plaintiff filed a motion to file an amicus brief with the Appeals Court in the same case in which he was not a party and that Defendant Stanton "removed the

---

[1] Defendants accept the factual allegations in the Amended Complaint as true for the purposes of this Motion only.

[2] *See, e.g.*, *Lu v. Harvard School of Dental Medicine et al.*, No. 00-cv-11492; *Lu v. Abrams, et al.*, No. 00-cv-12465; *Lu v. Daher*, No. 01-cv-10078; *Lu v. Ju, et al.*, 01-cv-11384; *Lu v. Mass. Institute, et al.*, 02-cv-11860; *Lu v. Hulme, et al.*, 12-cv-11117; *Lu v. The Canton Corp., et al.*, 15-cv-10088; *Lu v. Frates, et al.*, 17-cv-10518; *Lu v. Mills, et al.*, 19-cv-011195; *Lu v. Davis, et al.*, 19-cv-11968; *Lu v. Stanton, et al.*, 20-cv-10366.

motion from the docket." (Dkt. No. 5).[3]  Plaintiff asserts his claim against Defendants under 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment Due Process and Equal Protection clauses, for the failure to docket a motion, the rejection of a letter, and the removal of a motion from the docket.  *Id.*  Plaintiff further seeks injunctive relief against Defendant Stanton.  (Dkt. No. 5).  Plaintiff "attempt[ed], on Nov. 13 . . . to hand deliver process" of the original Complaint and Summons, which named Defendants Hennigan and Regan, and others, but did not name Defendant Stanton, to the Massachusetts Office of the Attorney General.  (Dkt. No. 9).  To date, counsel is not aware of any other attempt to serve the Complaint or Amended Complaint.

Plaintiff has subsequently filed a Motion for Summary Judgment (Dkt. No. 8) and Requests for Entry of Default (Dkt. Nos. 9 & 18).[4]

## **ARGUMENT**

Plaintiff's Amended Complaint should be dismissed as to Defendants in accordance with Federal Rules of Civil Procedure 41(b) and 12(b) and applicable immunity grounds.

First, Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action where the Plaintiff has failed "to comply with . . . a court order."  Fed. R. Civ. P. 41(b);

---

[3] In any event, the Court of Appeals has no record of Plaintiff submitting any electronic filing or email in November of 2020.

[4] The Court should deny Plaintiff's motion for summary judgment (Dkt. No. 8) as to Defendants Hennigan and Regan, as it is inappropriate in circumstances, as here, where there are genuine disputes of material fact.  *Doe v. Trustees of Boston College*, 892 F.3d 67, 79 -80 (1st Cir. 2018).  The Court should also deny Plaintiff's requests for entry of default judgment (Dkt. Nos. 9 & 18) as inappropriate, in part, because Plaintiff has failed to properly serve Defendants, *see infra*, at 11-13.  *See, e.g.*, *Lu v. Harvard School of Dental Medicine et al.*, No. 00-cv-11492, at *2-3 (D. Mass. Mar. 29, 2002) (denying a motion for default judgment, in part, because, Plaintiff failed to properly serve defendants); *Lu v. Davis*, No. 19-11968, 2020 WL 7408278, at *11-12 (D. Mass. Nov. 2, 2020) ("adequate service of process is a precursor to entering a default") (citation omitted).

*see also Lu v. Stanton, et al.*, 20-cv-10366, 2020 WL 5395503, at *3-4 (D. Mass. July 7, 2020) (citing *Torres-Alamo v. Puerto Rico*, 502 F.3d 20, 25 (1st Cir. 2007)).

Second, Rule 12(b) further directs a court to dismiss a complaint when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In resolving a motion to dismiss, a court should employ a two-pronged approach." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Step two: take the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55. "[T]he combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepulveda-Villarini v. Dep't of Educ. of Puerto Rico*, 628 F.3d 25, 29 (1st Cir. 2010). Although, the "court has an obligation to construe a plaintiff's pleadings liberally," "pro se status does not insulate a party from complying with procedural and substantive law." *Lu v. Harvard School of Dental Medicine et al.*, No. 00-cv-11492, at *7 (D. Mass. Mar. 29, 2002) (citing *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)) (attached hereto as Exhibit A). "A pro se plaintiff must at a minimum, present the requisite supporting facts for the claim he asserts." *Id.* "Dismissal is appropriate if plaintiff's well-pleaded facts do not 'possess enough heft to show that plaintiff is entitled to relief.'" *See, e.g.*, *Burnham v. Massachusetts*, 299 F. Supp. 3d 319, 321 (D. Mass. 2018) (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)).

4

Rule 12(b)(5) also permits a motion to dismiss for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).

**I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b) FOR FAILURE TO COMPLY WITH A 2002 COURT ORDER**

Plaintiff's Complaint should be dismissed pursuant to Rule 41(b) for his failure to comply with a 2002 Order by this Court.  Under Rule 41(b), "a defendant may move to dismiss the action or any claim against it" where the Plaintiff has failed "to comply with . . . a court order."  Fed. R. Civ. P. 41(b); *see also Lu v. Stanton, et al.*, 2020 WL 5395503, at *3-4 (citations omitted).  Absent a dismissal order that states otherwise, such a dismissal "operates as an adjudication on the merits."  *Id.*

In 2002, Judge Wolf entered an order which requires Plaintiff to attach to any "pleading, motion, complaint, or other document" he files in this Court: "(1) a copy of this Order, and (2) a certification, signed under the pains and penalties of perjury, that he has complied in good faith with this Order."  *Lu v. Harvard School of Dental Medicine et al.*, No. 00-cv-11492, at *17.  Plaintiff, "[d]espite warnings from the Court," has repeatedly violated the 2002 Order, and accordingly, this Court has dismissed pursuant to Rule 41(b) prior actions brought by Plaintiff.  *See, e.g.*, *id.*; *Lu v. Davis*, No. 19-11968, 2020 WL 7408278, at *8-10 (D. Mass. Nov. 2, 2020); *Lu v. Carrasco*, No. 20-10031, 2020 WL 5359950, at *2-3 (D. Mass. July 30, 2020); *Lu v. Capitol Waste Servs., Inc., et al.*, No. 19-cv-11458, 2019 WL 8756875, at *2 (D. Mass. Sept. 19, 2019).  As this Court previously held, "Lu has disregarded the March 2002 Order, without excuse, in multiple cases; lesser sanctions, including warnings and fines, have had no effect; and his failure to follow the order is obviously willful given the repeated warnings received."  *Lu v.*

5

*Capitol Waste Servs., Inc., et al.*, No. 19-cv-11458, 2019 WL 8756875, at *2. The First Circuit has affirmed this Court's dismissal of a previous case involving Plaintiff on these grounds. *Lu v. City of Boston, et al.*, Nos. 19-1758, 19-2016 (1st Cir. July 24, 2020) (attached hereto as Exhibit B) (noting that Plaintiff is "well aware of the order, as he had been warned and sanctioned repeatedly in previous cases for his failure to comply with the order.") Here, Plaintiff has once again failed to comply with the 2002 Order by failing to attach a copy of both the 2002 Order and the required certification to his Complaint or Amended Complaint. Accordingly, this Court should dismiss Plaintiff's Amended Complaint with prejudice as to Defendants in this matter.

## II. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS–JUDICIAL CLERKS IN THE COMMONWEALTH OF MASSACHUSETTS–ARE ALSO BARRED BY ABSOLUTE IMMUNITY

Plaintiff's claims against Defendants–each a judicial clerk in the Commonwealth of Massachusetts–must also fail because the alleged conduct is protected by the doctrine of absolute immunity. Absolute immunity insulates judicial officers from "damages resulting from actions undertaken in their official [] capacity." *Namey v. Reilly*, 926 F. Supp. 5, 7–8 (D. Mass. 1996) (citing *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978)). Such immunity "preserves the integrity of the legal process" and allows such individuals to act upon their own convictions and "protects [them] from vexatious actions prosecuted by disgruntled litigants." *Id.* at 8 (citations omitted). "The doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function." *Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012); *see also D'Angelo v. N.H. Supreme Court*, 740 F.3d 802, 808 (1st Cir. 2014) (quoting *Nystedt*, 700 F.3d at 30-31). The immunity applies "no matter how erroneous the act may

have been [or] how injurious its consequences . . . ." *Clapp v. Cohen*, No. 18-CV-10426-ADB, 2019 WL 1207861, at *6 (D. Mass. Mar. 14, 2019).  Courts have recognized quasi-judicial immunity in cases brought against judicial clerks arising out of their core clerical functions even where bad faith is alleged.  *See McNeil v. State of Mass.*, 2014 WL 7404561, at *3 (D. Mass. Dec. 30, 2014) (claim that clerk denied the plaintiff's requests for forms and to file motions barred by quasi-judicial immunity); *Lewis v. West Roxbury Dist. Ct.,* 2013 WL 4854117, at *6 (D. Mass. Sept. 10, 2013) (claim against clerk, who allegedly failed to record the plaintiff's case accurately and ignored request to obtain court documents, is barred by quasi-judicial immunity).

Here, Plaintiff's claims relate solely to the conduct of Defendants in their capacity as judicial clerks, performing tasks that are fundamental to the functioning of the court system, and therefore, such claims are barred by quasi-judicial immunity.  For example, Plaintiff alleges that Defendants Hennigan and Regan, in their role as clerks for the Suffolk County Superior Criminal Court, "rejected" a letter and failed to docket a motion. (Dkt. No. 5).  Likewise, Plaintiff alleges that Defendant Stanton, as a clerk in the Massachusetts Court of Appeals, "removed" a motion from the docket.  *Id.*[5]  This alleged conduct clearly falls within the core clerical functions performed by judicial clerks and the protections afforded by quasi-judicial immunity.  *See, e.g.*, *Powell v. Commonwealth*, 2016 WL 7115887, *7 (D. Mass. Sept. 20, 2016) (affirming immunity for claims arising from core clerical functions integral to the judicial process).[6]  Accordingly, Plaintiff's claims

---

[5] Notably, Plaintiff brought a similar claim against Defendant Stanton earlier this year, which this Court dismissed under Rule 41(b).  *See Lu v. Stanton, et al.*, 2020 WL 5395503, at *3-4.

[6] Furthermore, to the extent Plaintiff seeks injunctive relief against Defendant Stanton (Dkt. No. 5, ¶ 11), such relief is barred.  Section 1983 bars injunctive relief "against a judicial officer for an act or omission taken in such officer's judicial capacity […] unless a declaratory decree was violated or declaratory relief is unavailable[.]"  42 U.S.C. § 1983; *see also Estep v. Baker*, No. CV 16-12346, 2018 WL 10715421, at *1 (D. Mass. Mar. 5, 2018) (dismissing plaintiff's claims for injunctive relief because parole board members

against the Defendants should be dismissed because they are entitled to immunity from suit.

### III.     PLAINTIFF'S SECTION 1983 CLAIMS AGAINST DEFENDANTS MUST ALSO BE DISMISSED BECAUSE THESE CLAIMS FAIL TO STATE A CLAIM

Plaintiff's Section 1983 claim alleging due process and equal protection violations under the Fourteenth Amendment must be dismissed because the Amended Complaint fails to adequately allege such claims. As "[t]here is no direct cause of action by an individual for a constitutional violation . . . such claim must be brought under 42 U.S.C. § 1983." *Tomaselli v. Beaulieu*, 967 F. Supp. 2d 423, 434 n.3 (D. Mass. 2013); *see also McCann v. City of Lawrence*, 659 F. Supp. 2d 243, 247 (D. Mass. 2009). To prevail on a Section 1983 claim, a plaintiff must allege (1) a deprivation of a federal right, (2) by an individual acting under color of state law. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff's claims against Defendant Stanton in his official capacity fail because Section 1983 does not permit such an action. Further, Plaintiff's claims against Defendants in their individual capacities must fail because Plaintiff has not adequately pled that Defendants violated his Fourteenth Amendment equal protection or due process rights. Finally, in the event that the Court determines that Defendants are not entitled to absolute immunity, they are entitled to qualified immunity.

> **1. Plaintiff's Claim Against Defendant Stanton in his Official Capacity Fails Because a State Official Acting in Their Official Capacity is Not a "Person" Under 42 U.S.C. § 1983.**

---

are officers performing quasi-adjudicative functions are judicial officers immune from actions seeking injunctive relief) (quoting *Phillips v. Conrad*, No. 10-40085, 2011 WL 309677 (D. Mass. Jan. 28, 2011). Because Defendant Stanton is a judicial officer being sued for acts or omissions conducted in his official capacity, and Plaintiff has not pled any facts to suggest that an exception applies, injunctive relief is not available under Section 1983. *See, e.g., Perry v. Treseler*, No. 3:18-CV-30194, 2020 WL 1877877, at *11 (D. Mass. Apr. 15, 2020) (citations omitted). Furthermore, "the Eleventh Amendment bars Plaintiff from seeking injunctive relief to force Defendant to comply with a state law." *Id.* (citations omitted).

Plaintiff's claim against Defendant Stanton in his official capacity fails because such a suit is not permitted by Section 1983.  Under Section 1983, neither a state nor a state official in their official capacity is considered a "person" within the meaning of 42 U.S.C. § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  As such, Plaintiff cannot bring claims against the Commonwealth or state officials acting within their official capacity under § 1983.  *See Johnson v. Rodriguez,* 943 F.2d 104, 108 (1st Cir. 1991) ("It is settled beyond peradventure, however, that neither a state agency nor a state official acting in his official capacity may be sued for damages in a § 1983 action.").  Accordingly, because Plaintiff makes a claim against Defendant Stanton in his official capacity, that claim must be dismissed.[7]

### 2. Plaintiff's Claims Against Defendants in Their Individual Capacities Fail Because Plaintiff Has Not Sufficiently Pled a Deprivation of a Federal Right.

Plaintiff's claims against Defendants in their individual capacities fail because Plaintiff has failed to adequately allege a deprivation of his Fourteenth Amendment rights under the Equal Protection or Due Process Clauses.[8]

---

[7] Plaintiff's claim is further barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("Absent waiver by the state or valid Congressional override, the Eleventh Amendment bars a damages action against a state in federal court."); *see also Wisc. Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998) ("[T]he Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so.").  Where a public official is sued in her official capacity, the suit "in all respects other than name, [is] to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166.  Thus, because state officials sued in their official capacities are treated like a state entity, the Eleventh Amendment also bars such claims against state officials in Federal Court. *Id*. at 169.

[8] Plaintiff also lacks standing under Massachusetts law to contest a criminal complaint or sentencing in a matter in which he is neither a party nor a victim.  *See, e.g.*, *Bradford v. Knights*, 427 Mass. 748, 752 (1998) ("[A] private citizen lacks a judicially cognizable interest in the prosecution … of another.") (citations omitted); *Victory Distrib., Inc. v. Ayer Div. of Dist. Court Dep't*, 435 Mass. 136, 141 (2001) (a private party has no constitutional or statutory right to challenge a denial of an application for a criminal complaint); *Hagen v. Comm*., 437 Mass. 374, 377-81 (2002) (the victim of a crime does not have a right to appeal adverse rulings or a verdict in a criminal case).  Accordingly, Plaintiff does not have a judicially cognizable interest in filing a document in the underlying criminal case.

First, "[t]o establish an equal protection claim [under the Fourteenth Amendment], Plaintiffs must allege facts showing that '(1) the person, compared with others similarly situated, was selectively restricted; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Shurtleff v. City of Boston*, 385 F. Supp. 3d 109, 120 (D. Mass. 2019) (quoting *Davis v. Coakley*, 802 F.3d 128, 132-33 (1st Cir. 2015) (citation omitted)).  Here, the Amended Complaint merely alleges that the Defendants Hennigan and Regan failed to docket a motion and to deliver a letter to a judge and Defendant Stanton removed a motion from the docket.  (Dkt. No. 5).  There is simply nothing in the Amended Complaint to support a plausible claim that Plaintiff, who was not a party to the case at issue, and who was attempting to submit post-sentencing filings, was treated any different than someone "similarly situated," or that such treatment was "based on impermissible considerations."  Accordingly, the Amended Complaint fails to allege the basic elements of an Equal Protection Clause violation under the Fourteenth Amendment, and the claims against Defendants in their individual capacities should be dismissed.

Second, to establish a procedural due process claim under the Fourteenth Amendment, a Plaintiff must allege an inadequacy of procedures and an interference with a liberty or property interest.  *Restucci v. Clarke*, 669 F. Supp. 2d 150, 157 (D. Mass. 2009) (*citing Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)); *see also Lu v. Hulme*, No. 12-11117, 2013 WL 1331028, at *8 (D. Mass. Mar. 30, 2013).[9]  The First

---

[9] Although Plaintiff does not state whether he is asserting a violation of his right to substantive due process or procedural due process, the allegations do not appear to implicate substantive due process.  To establish a viable substantive due process claim under the Fourteenth Amendment, "Mr. Lu must allege facts that would permit a reasonable fact finder to conclude that the challenged actions were so egregious as to

10

Circuit has found that a state court clerk's failure to follow mandatory procedural rules involving filings did not violate a defendant's procedural due process rights. *See Abdullah v. Kennet*, 104 Fed. Appx. 750, 751 (1st Cir. 2004) (per curiam). Therefore, the Amended Complaint, which fails to allege a protected liberty or property interest, and merely alleges that Defendants failed to docket or removed a filing from a docket, is inadequate to meet the pleading requirements of a Due Process Clause violation under the Fourteenth Amendment. For those reasons, the claims against Defendants in their individual capacities should be dismissed.

### 3. In Any Event, Defendants Are Entitled to Qualified Immunity

Even if Plaintiff could plausibly allege a claim against Defendants in their individual capacities, Defendants are entitled to qualified immunity. Qualified immunity protects a state official from liability for damages under Section 1983 when the conduct did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgements about open legal questions. When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011), quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "[I]f a reasonable [official] might not have known for certain that the conduct was unlawful — then the [official] is immune from liability." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). To overcome a defense of qualified immunity, a plaintiff

---

'shock the conscience.'" *Lu v. Hulme*, No. 12-11117, 2013 WL 1331028, at *8 (D. Mass. Mar. 30, 2013) (citation omitted). "The protections afforded . . . are generally limited to 'matters relating to marriage, family, procreation, and the right to bodily integrity . . . ." *Id.* (citations omitted). It is clear that the allegations here do not implicate such rights.

11

"must make a two-step showing that (a) defendants violated a statutory or constitutional right and that (b) the right was clearly established at the time." *Rivera-Corraliza v. Morales*, 794 F.3d 208, 214 (1st Cir. 2015) (citing *City and County of San Francisco, Calif,* v. *Sheehan*, 135 S. Ct. 1765, 1774 (2015)). "[B]oth prongs" of this test "must be satisfied for a plaintiff to overcome a qualified immunity defense," *Raiche v. Pietroski*, 623 F.3d 30, 35 (1st Cir. 2010), however, "[c]ourts need not engage in the first inquiry and may choose, in their discretion, to go directly to the second," *Penate v. Hanchett*, 944 F.3d 358, 366 (1st Cir. 2019).

As discussed above, *supra*, at 7-9, Plaintiff cannot demonstrate a constitutional violation. Further, even if Plaintiff could satisfy the first prong, he could not satisfy the second prong. In assessing the second-prong, courts looks to "(a) the clarity of the law in general at the time of the alleged violation; and (b) the clarity of the law as applied to the case–in other words, whether a reasonable person in the defendant's shoes 'would have understood that his conduct violated the Plaintiff's constitutional rights.'" *Raiche*, 623 F.3d at 36 (citation omitted). As discussed above, *supra*, at 6-7, courts have repeatedly found that errors regarding the docketing and filing of motions like those alleged in the Amended Complaint do not implicate constitutional concerns and therefore, it simply cannot be said that any such right was clearly established. *See Abdullah*, 104 Fed. Appx. at 751. Accordingly, Plaintiff's claims against Defendants should be dismissed.

## IV.    PLAINTIFF HAS ALSO FAILED TO PROPERLY SERVE DEFENDANTS

Finally, Plaintiff's claims could also be dismissed because he has failed to effect service of process on Defendants Hennigan and Regan, in their individual capacities,[10] and on Defendant Stanton in his individual or official capacity.  Although a court may consider a party's *pro se* status in reviewing service, "[p]ro se status . . . is not automatically enough to constitute good cause for purpose of Rule 4(m)."  *McIssac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) (citing Wright & Miller, Federal Practice and Procedure: Civil 3d § 1137, at 342 (2002)).

First, when a suit is brought against an official in his or her individual capacity, Federal Rule of Civil Procedure 4(e) requires a Plaintiff to serve that individual by either (1) "following state law for serving a summons . . .," or (2) "(A) delivering a copy of the summons and the complaint to the individual personally; (B) leaving a copy . . . at the individual's dwelling or usual place of abode . . .; or (C) delivering a copy . . . to an agent authorized . . . to receive service of process."  Massachusetts Rule of Civil Procedure 4(d) requires a Plaintiff to serve an individual personally, or by leaving a copy at his "last and usual place of abode," or with an agent authorized to receive service on his behalf. Plaintiff, in "attempting, on Nov 13 . . . to hand deliver process" of the Complaint (Dkt. No. 9) to the Massachusetts Office of the Attorney General, which named Defendants Hennigan and Regan, but not Defendant Stanton, failed to comply with the Federal and State provisions.  The undersigned counsel is not aware of any efforts to serve the Amended Complaint on any of the Defendants nor to serve Defendant Stanton whatsoever.

---

[10] Plaintiff has also failed to serve Defendants Hennigan and Regan in their official capacities, *see* Fed. R. Civ. P. 4(e) and Mass. R. Civ. P. 4(d)(1), however, Plaintiff notes that he brings suit against them in their individual capacities only (Dkt. No. 5).

13

Second, when a suit is brought against an official in his or her official capacity, the suit is as if brought against her office. *See Navedo v. Maloney*, 172 F. Supp. 2d 276, 289 (D. Mass. 2001). Under Federal Rule of Civil Procedure 4(j)(2), a Plaintiff must serve a state or local government by (a) delivering a copy to its chief executive officer, or (b) serving in a manner prescribed by state law for service on such a defendant. Fed. R. Civ. P. 4(j)(2). Under Massachusetts Rule of Civil Procedure 4(d)(3), a Plaintiff must serve the Commonwealth or any agency by "delivering a copy of the summons and the complaint to the … Attorney General of the Commonwealth, *and*, in the case of any agency, to its office or its chairman or one of its members or its secretary or clerk" by *certified or registered mail*. Mass. R. Civ. P. 4(d)(3) (emphasis added). Here, Plaintiff has failed to serve the Amended Complaint and summons whatsoever – including on any chief executive office of the judiciary, or on the Office of the Attorney General, and therefore, has failed to comply with the Federal or State rules. *See, e.g.*, *Lu v. Davis*, 2020 WL 7408278, at *11-12. Plaintiff has therefore, failed to serve the Amended Complaint on Defendant Stanton in any manner whatsoever, including in his official capacity.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Plaintiff's Amended Complaint as to them be dismissed in its entirety.

    Defendants,

    MAURA A. HENNIGAN, MARY REGAN, in their individual capacities, AND JOSEPH STANTON, in his official and individual capacity,

    By their Attorneys,

                                      MAURA HEALEY
                                      ATTORNEY GENERAL

                                      */s/ Erica Morin*
                                      Erica Morin, BBO No. 687471
                                      Assistant Attorney General
                                      Government Bureau/Trial Division
                                      One Ashburton Place, 18th Floor
                                      Boston, MA  02108
                                      Tel: (617) 727-2200 Ext. 2593
                                      Erica.Morin@mass.gov

Date: January 22, 2021

**CERTIFICATE OF SERVICE**

   I, Erica Morin, Assistant Attorney General, hereby certify that I have this day, January 22, 2021, served the foregoing **document**, upon all parties, by electronically filing to all ECF registered parties and by sending a copy, via first class mail, postage prepaid to all unregistered parties, including:

Friedrich Lu
c/o St Francis House
PO Box 499
Lafayette Station
Boston, MA 02112

James L. Sultan
Charles W. Rankin
Rankin & Sultan
1666 Massachusetts Avenue, Suite P-16
Lexington, MA 02420

                /s/ Erica Morin
                Erica Morin