UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRIEDRICH LU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES R. CLARKE, MARY REGAN, MAURA A. HENNIGAN, ROBERT L. SHEKETOFF, JAMES L. SULTAN, CHARLES W. RANKIN, MATTHEW DIVRIS, THOMAS A. TURCO, III, CAROL A. MICI, AND JOSEPH STANTON,<br><br>　　　　Defendants. | *<br>*<br>*<br>*<br>*　Civil Action No. 20-cv-12010-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM AND ORDER
February 26, 2021

TALWANI, D.J.

　　Plaintiff Friedrich Lu's First Amended Complaint [#5] (the "Complaint") alleges that Defendants, six Massachusetts public officials and four individuals, deprived him of his rights under the federal Constitution. The gravamen of Lu's Complaint is his dissatisfaction with a criminal sentence imposed on Defendant James R. Clarke by a Massachusetts state court judge and Lu's assertion that state officials failed to adequately receive his comments and suggestions as to the criminal sentence. Plaintiff has sued Clarke, Clarke's attorneys, the judge, court staff, and staff at the prison where Clarke is incarcerated.

　　It suffices to say that "Lu is a frequent litigant in the courts of Massachusetts, filing repeated complaints over the years for various alleged slights and injuries." Mem. & Order in Lu v. Capitol Waste Services, Inc., No. 19-cv-114578, ECF No. 42 (D. Mass. Sept. 9, 2019) (collecting over twenty cases that Lu had brought against various public and private parties in

this court). In one of those cases, Lu v. Harvard University, a judge in this district found that Lu's filing practices were "at best, inefficient, and, at worst, reckless" and entered an order requiring Lu to, inter alia, "attach to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts: (1) a copy of this Order, and (2) a certification, signed under the pains and penalties of perjury, that [Lu] has complied in good faith with this Order." Mem. & Order in Lu v. Harvard University, No. 00-cv-11492, ECF No. 49 (D. Mass. Mar. 29, 2002) (the "2002 Order").

Lu did not comply with the 2002 Order when he filed this action on November 9, 2020. See Complaint [#1]. In response to Defendants' Motions to Dismiss [#12], [#24], seeking dismissal of the action pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the 2002 Order, Plaintiff baldly asserts that "[t]he 2002 order did not exist. Period." Pl.'s Opp'n 2 [#19]. Plaintiff argues in the alternative that "had it existed, [the order] would have been an injunction, whose enforcement must be done in a contempt proceeding." Id. However, the 2002 Order does exist, it is valid, and Plaintiff has failed to comply with its terms.

A party's failure to comply with a court order does not mechanically require dismissal with prejudice. Instead, the court must "balance the relevant factors, including (but not limited to)" "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Torres-Vargas v. Pereira, 431 F.3d 389, 392 (1st Cir. 2005); Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 44 (1st Cir. 2007) (quoting Benítez–García v. González–Vega, 468 F.3d 1, 5 (1st Cir. 2006)).

Here, the pertinent factors strongly weigh in favor of dismissal with prejudice. Plaintiff has no excuse for non-compliance, particularly where judges in this district have already warned

2

Plaintiff that he must comply with the 2002 Order, Lu v. Menino, 98 F. Supp. 3d 85, 109 (D. Mass. 2015) (advising plaintiff that continuing to disregard the order "may result in a sanction"), have monetarily sanctioned Plaintiff for not complying with the Order, Order in Lu v. Massachusetts Institute of Technology, No. 02-11860-RCL, ECF No. 22 (D. Mass Jan. 15, 2003) (sanctioning Plaintiff $500 for, inter alia, failing to comply with the 2002 Order), and have, in the months immediately preceding the filing of this action, dismissed Plaintiff's complaints with prejudice for failing to comply with the 2002 Order, Mem. & Order in Lu v. Capitol Waste Services, Inc., No. 19-cv-114578, ECF No. 42 (D. Mass. Sept. 9, 2019), affirmed sub nom., Lu v. City of Boston, No. 19-1758 (July 24, 2020); Mem. & Order in Lu v. Stanton, No. 20-10366, ECF No. 25 (D. Mass July 30, 2020). While the court recognizes "the policy of the law favoring disposition on the merits," Torres-Vargas, 431 F.3d at 392, anything less than dismissal with prejudice would only serve to condone increasingly obdurate violations of a lawful order.

      Accordingly, Defendants' Motions to Dismiss [#12], [#24] are GRANTED and Plaintiff's First Amended Complaint [#5] is dismissed with prejudice. The Clerk is instructed to terminate Plaintiff's Motion for Summary Judgment Against Prison Officials [#7], Motion for Summary Judgment Against Three Clerks [#8], Motion for Entry of Default [#9], Motion for Entry of Default Against One Clerk & Three Prison Officials [#18], and Cross-Motion to Strike [#29] as moot in light of dismissal of the Complaint. Plaintiff's Motions for Rule 11 Sanctions [#30], [#32] are denied as unmeritorious.

      IT IS SO ORDERED.

Date:  February 26, 2021                     /s/ Indira Talwani
                                                              United States District Judge